THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant, *v.* THE STATE BOARD OF TAX COMMISSIONERS, Respondent, and the CITY OF MOUNT VERNON, Intervenor, Respondent.    (Taxes 1914, 1915.)

Third Department, July 2, 1917.

**Tax — assessment of street laid out and opened over right of way of railroad company — special franchise tax upon railroad crossings over city streets — effect of non-completion of bridges over highway at time of assessment.**

A street laid out and opened across a right of way owned and occupied by a railroad company is not subject to a special franchise assessment.

Where a railroad company owns franchises necessary for the construction and operation of its railroad and for increased facilities, among which were franchises to construct and operate bridges carrying the tracks over certain highways, the mere fact that the work was not completed at the time of an assessment did not deprive said company of its franchises so as to prevent their assessment, although said fact may have had some bearing upon their value.

The power and authority given to the Board of Railroad Commissioners to consent to the change of location and the increase of the facilities of the railroad company constituted in effect an amendment of its chartered powers.

Said company, having joined with the city in the petition for the elimination of the grade crossings and having accepted benefits under the order of the Board of Railroad Commissioners, may not be heard to say that it was not the owner of the franchises thus bestowed.

APPEAL by the relator, The New York Central and Hudson River Railroad Company, from two orders of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 28th day of March, 1917, dismissing writs of certiorari in proceedings to review special franchise assessments.

*Alexander S. Lyman* [*George H. Walker* of counsel], for the appellant.

*Merton E. Lewis,* Attorney-General, and *Frank A. Bennett, Corporation Counsel of Mount Vernon,* for the respondents.

490   People ex rel. N. Y. C. & H. R. R. R. Co. v. Tax Comrs.

Third Department, July, 1917.          [Vol. 179.

Woodward, J.:

The relator's railroad formerly crossed Mount Vernon avenue and Oak street, in the city of Mount Vernon, at grade. Mount Vernon avenue was laïd out and opened subsequent to the purchase of the relator's right of way, and was, of course, not subject to the special franchise assessment. (*People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Woodbury,* 203 N. Y. 167.) In the year 1905 the relator and the city of Mount Vernon jointly petitioned the Board of Railroad Commissioners for an order eliminating the above grade crossings, in connection with others, and for a relocation of the line of the relator's railroad, as shown upon the plans mutually agreed upon, and which contemplated an increase in the railroad facilities of the relator. Such proceedings were had that the work was directed to be done under the provisions of law applicable thereto, and such work was actually undertaken and was well along at the time the assessments here under consideration were made. This work involved the construction of bridges carrying the relator's lines of railroad over these highways. These lines were not only relocated, but the number of tracks was increased from two to four, and the relator was enabled to materially increase its facilities by reason of this relocation of its tracks. The two assessments herein involved were made before the actual completion of the relocated lines, and before the relator had abandoned the original lines; but it is not disputed that at the time of making these assessments no assessment was made against the Oak street grade crossing, the Mount Vernon avenue crossing not being subject to taxation. The learned referee before whom the questions were tried came to the conclusion that the assessments were properly made against the relator's special franchises, and the relator appeals to this court.

We are of the opinion that the contention of the relator, that it owned no special franchises at the crossings of the new line of railroad, and that it was not the owner of the bridge structures, is without substantial merit. It owned the franchises necessary for the construction and operation of its railroad, and for such increased facilities as should be authorized by law, and among these were the franchises to construct and operate bridges carrying the four lines of track

over these highways, and the mere fact that the work was not completed did not deprive the relator of its franchises. This fact may have had some bearing upon the value of the franchises, but none whatever upon their existence. The power and authority given to the Board of Railroad Commissioners to consent to the change of location and the increase of the facilities of the corporation constituted in effect an amendment of the chartered powers of the relator, and the corporation having joined in the petition for the elimination of the grade crossings, and having accepted benefits under the order of the Board of Railroad Commissioners, it may not be heard to say that it was not the owner of the franchises thus bestowed. This whole subject appears to have been settled by the court in *People ex rel. Hudson & Manhattan R. R. Co. v. Tax Comrs.* (203 N. Y. 119), and it does not seem important to pursue the discussion.

The orders appealed from should be affirmed, with costs.

Orders unanimously affirmed, with ten dollars costs and disbursements in one case.